SIMON J. FRANKEL (No. 171552)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA  94111
Telephone:   (415) 591-7052
facsimile:   (415) 955-6552
e-mail:   sfrankel@cov.com

Attorneys for Plaintiff
CORBIS CORPORATION

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORBIS CORPORATION,

Plaintiff,

v.

TIVOLI ASSOCIATES, INC., and
EXPERTS IN TELECOMMUNICATIONS
AND INTEGRATION, INC.

Defendants.

Civil Case No.: CV 09 3383 BZ

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

DEMAND FOR JURY TRIAL

Plaintiff Corbis Corporation, through its attorneys, alleges its complaint against Defendants Tivoli Associates, Inc. ("Tivoli") and Experts in Telecommunications and Integration, Inc. ("ETI-NET") and, alleges as follows:

1. This is a civil action seeking damages for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"). As explained below, Defendants have made widespread and repeated use without permission of images owned or controlled by Plaintiff, contrary to the copyright laws.

**JURISDICTION AND VENUE**

2. *Jurisdiction.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C., Sections 1331 and 1338(a), as this action involves claims brought under federal law, the Copyright Act of 1976, 17 U.S.C. §§101 *et seq.* This Court has personal jurisdiction

over Defendant ETI-NET as it is physically present in California, where it has its principal place of business in the County of San Mateo, California. The Court has personal jurisdiction over Defendant Tivoli as it is incorporated in California, is affiliated with and has some significant level of control over ETI-NET, shares executives with ETI-NET, and has extensive clients and contacts with the State of California.

3. *Venue.* Venue in this Court is proper pursuant to 28 U.S.C., Sections 1391(b) and 1400(a), as at least one of the defendants resides or may be found in this District.

4. *Intra-District Assignment.* Because this is a copyright action, pursuant to Northern District Local Rule 3-2(c) and Northern District General Order 44(D)(5), venue for this case is proper in any Courthouse in this District.

## THE PARTIES

5. Plaintiff Corbis Corporation ("Corbis") is a Nevada corporation with its principal place of business at 902 Broadway, New York, New York 10010.

6. Upon information and belief, Defendant Tivoli is a California corporation with its current principal place of business at Honolulu, Hawaii. Tivoli's previous principal place of business was at Aliso Viejo, California. Upon information and belief, Tivoli is related to and has some significant level of control over ETI-NET.

7. Upon information and belief, Defendant ETI-NET is a California corporation with its principal place of business in San Mateo, California.

## BACKGROUND

8. Corbis is in the business of licensing photographs and fine art images on behalf of itself and the photographers and other licensors it represents. Generally, the images in Corbis' collections were taken by professional photographers who earn most or all of their livelihoods from the licensing fees Corbis is able to obtain for their images. Many of the images in Corbis' collections are produced by well-known photographers, and the collections include some of the most recognized images in contemporary society.

9. The images in Corbis' collections are the subject of copyright protection under the laws of the United States, and at considerable expense and effort, Corbis has protected images in its collections by systematically registering the copyrights to the images.

10. Corbis owns and operates a website located at the Internet address www.corbis.com. At Corbis' website, professional and consumer users are able to search hundreds of thousands of images from Corbis' collections and then pay to license the images for specific uses.

11. At all times relevant hereto, Defendants owned, operated, and controlled websites located at the Internet addresses www.tivoliassociates.com, www.tsmmanager.us, and www.etinet.com (collectively, "Defendants' websites").

12. Upon information and belief, on an as yet unknown date, Defendants or their agents visited Corbis' website, and without authorization, downloaded or copied numerous Corbis images that had previously been registered with the United States Copyright Office. Then Defendants or their agents uploaded these same images to Defendants' websites as part of the marketing and advertising material presented on those sites in order to attract business to Defendants.

13. Attached hereto as Exhibit A are true and correct copies of each of the Corbis images previously registered with the Copyright Office, with screen shots taken from Defendants' websites depicting these images from Corbis' collections that were used by Defendants without authorization.

14. At all relevant times hereto, Defendants displayed these copyrighted images on their websites without license or other authorization from Corbis.

15. Attached hereto as Exhibit B is a chart identifying the United States Copyright Office registration certificate numbers and registration dates for the Corbis images displayed on Exhibit A, evidencing that Corbis owns or controls the registered copyrights to the images that were displayed on the Defendants' websites.

### FIRST CAUSE OF ACTION - COPYRIGHT INFRINGEMENT

(Against all Defendants)

16. Corbis repeats and realleges the allegations of Paragraphs 1 through 15 as if fully set forth herein.

17. Corbis holds valid and exclusive registered copyrights to the images that are the subject of this action and that are evidenced by the copyright registration certificates referenced by Exhibit B.

18. Defendants reproduced, distributed and displayed those images without Corbis' authorization.

19. The actions and conduct by Defendants as described above infringe upon the exclusive rights of Corbis granted by Section 106 of the Copyright Act, 17 U.S.C. §106, to display, reproduce and distribute the registered copyrighted works to the public.

20. Such actions and conduct by Defendants constitute copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501. Upon information and belief, the conduct of Defendants described above was done with negligence and reckless disregard for Corbis' and its photographers' rights.

21. As a result of the copyright infringement described above, Corbis is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees, and prejudgment interest.

### SECOND CAUSE OF ACTION—DMCA VIOLATION

(Against all Defendants)

22. Corbis repeats and realleges the allegations of Paragraphs 1 through 21 as if fully set forth herein.

23. All of the images that are the subject of this lawsuit were displayed on the www.corbis.com website with corresponding copyright management information ("CMI"). Upon information and belief, when Defendants or their agents duplicated and displayed the subject images on Defendants' websites, it removed the CMI from each of the Corbis images used by Defendants. The removal of the CMI from each of these images in order to induce,

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND  4
VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT
ACT
Civil Case No.

enable, facilitate or conceal Defendants' infringement of those images, as described above, constitutes a violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202(b).

24. As a result of the conduct described above, plaintiff is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorneys' fees, and prejudgment interest.

## RELIEF REQUESTED

WHEREFORE, Corbis prays for relief as follows:

1. For an order permanently enjoining Defendants from infringing Corbis' copyrighted images pursuant to Section 502 of the Copyright Act, 17 U.S.C. §502, and permanently enjoining Defendants from displaying Corbis' copyrighted images pursuant to the DMCA, 17 U.S.C. §1203(b);

2. For an award of Defendants' profits and for damages in such amount as may be found, or for statutory damages of (a) not less than $750 or more than $30,000 per image pursuant to 17 U.S.C. §504(c)(1) or, upon a finding of willful infringement pursuant to 17 U.S.C. §504(c)(2), up to $150,000 per image, and (b) not less than $2,500 or more than $25,000 per image pursuant to 17 U.S.C. §1203(c)(3)(B);

3. For an award of costs, pursuant to 17 U.S.C., Sections 505 and 1203(b)(4);

4. For an award of reasonable attorney's fees, pursuant to 17 U.S.C., Sections 505 and 1203(b)(5);

5. For an award of prejudgment on the amount of any award to Plaintiff; and

6. For such other and further relief as the Court deems just and equitable.

DATED: July 23, 2009

COVINGTON & BURLING LLP

By: /s/ Simon J. Frankel
Simon J. Frankel
Attorney for Plaintiff
CORBIS CORPORATION

## DEMAND FOR JURY TRIAL

Plaintiff Corbis Corporation hereby demands a jury trial on all issues properly tried to a jury.

DATED: July 23, 2009

COVINGTON & BURLING LLP

By: *[signature]*
Simon J. Frankel
Attorney for Plaintiff
CORBIS CORPORATION

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
Civil Case No.

6