UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CORBIS CORP., | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 09-3383 BZ |
| | ) | |
| v. | ) | **ORDER SCHEDULING** |
| | ) | **JURY TRIAL AND** |
| TIVOLI ASSOCIATES, INC, et al., | ) | **PRETRIAL MATTERS** |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

Following the Case Management Conference, **IT IS HEREBY**

**ORDERED** that the Joint Case Management Statement is adopted,

except as expressly modified by this Order.  It is further

**ORDERED** that:

1.   <u>DATES</u>

Trial Date: **Monday, 11/15/2010, 5 days**

Pretrial Conference: **Tuesday, 10/26/2010, 3:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 6/30/2010**

Last Day to File Dispositive Motions: **Wednesday, 5/19/2010**

2.   <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily

disclose information pursuant to Federal Rule of Civil

1  Procedure 26(a) or to supplement disclosures or discovery
2  responses pursuant to Rule 26(e) may result in exclusionary
3  sanctions.  Thirty days prior to the close of non-expert
4  discovery, lead counsel for each party shall serve and file a
5  certification that all supplementation has been completed.
6      In the event a discovery dispute arises, **lead counsel** for
7  each party shall meet in person or, if counsel are outside the
8  Bay Area, by telephone and make a good faith effort to resolve
9  their dispute.  Exchanging letters or telephone messages about
10  the dispute is insufficient.  The Court does not read
11  subsequent positioning letters; parties shall instead make a
12  contemporaneous record of their meeting using a tape recorder
13  or a court reporter.
14      In the event they cannot resolve their dispute, the
15  parties must participate in a telephone conference with the
16  Court **before** filing any discovery motions or other papers.
17  The party seeking discovery shall request a conference in a
18  letter filed electronically not exceeding two pages (with no
19  attachments) which briefly explains the nature of the action
20  and the issues in dispute.  Other parties shall reply in
21  similar fashion within two days of receiving the letter
22  requesting the conference.  The Court will contact the parties
23  to schedule the conference.
24  3.  <u>MOTIONS</u>
25      Consult Civil Local Rules 7-1 through 7-5 and this
26  Court's standing orders regarding motion practice.  Motions
27  for **summary judgment** shall be accompanied by a statement of
28  the material facts not in dispute supported by citations to

admissible evidence.  The parties shall file a joint statement
of undisputed facts where possible.  If the parties are unable
to reach complete agreement after meeting and conferring, they
shall file a joint statement of the undisputed facts about
which they do agree.  Any party may then file a separate
statement of the additional facts that the party contends are
undisputed.  A party who without substantial justification
contends that a fact is in dispute is subject to sanctions.

A Chambers copy of all briefs shall be e-mailed in
WordPerfect or Word format to the following address:
bzpo@cand.uscourts.gov.

4.   SETTLEMENT

This case is referred for assignment to a Magistrate
Judge to conduct a settlement conference in **AUGUST of 2010.**
Counsel will be contacted by that judge's chambers with a date
and time for the conference.

5.   PRETRIAL CONFERENCE

Not less than thirty days prior to the date of the
pretrial conference, the parties shall meet and take all steps
necessary to fulfill the requirements of this Order.

Not less than twenty-one days prior to the pretrial
conference, the parties shall: (1) serve and file a joint
pretrial statement, containing the information listed in
**Attachment 1**, and a proposed pretrial order; (2) serve and
file trial briefs, Daubert motions, motions *in limine*, and
statements designating excerpts from discovery that will be
offered at trial (specifying the witness and page and line
references); (3) exchange exhibits, agree on and number a

3

1   joint set of exhibits and number separately those exhibits to

2   which the parties cannot agree; (4) deliver all marked trial

3   exhibits directly to the courtroom clerk, Ms. Yiu; (5) deliver

4   one <u>extra</u> set of all marked exhibits directly to Chambers; and

5   (6) submit all exhibits in three-ring binders.  Each exhibit

6   shall be marked with an exhibit label as contained in

7   **Attachment 2.**  The exhibits shall also be separated with

8   correctly marked side tabs so that they are easy to find.

9        No party shall be permitted to call any witness or offer

10  any exhibit in its case in chief that is not disclosed at

11  pretrial, without leave of Court and for good cause.

12       Lead trial counsel for each party shall meet and confer

13  in an effort to resolve all disputes regarding anticipated

14  testimony, witnesses and exhibits.  All <u>Daubert</u> motions,

15  motions *in limine*, and objections will be heard at the

16  pretrial conference.  Not less than eleven days prior to the

17  pretrial conference, the parties shall serve and file any

18  objections to witnesses or exhibits or to the qualifications

19  of an expert witness.  Oppositions shall be filed and served

20  not less than eleven days prior to the conference.  There

21  shall be no replies.

22       Not less than twenty-one days prior to the pretrial

23  conference the parties shall serve and file requested voir

24  dire questions, jury instructions, and forms of verdict.  The

25  following jury instructions from the *Manual of Model Civil*

26  *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

27  given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

28  3.1-3.3.  Do not submit a copy of these instructions.  Counsel

1  shall submit a joint set of case specific instructions.  Any

2  instructions on which the parties cannot agree may be

3  submitted separately.  The Ninth Circuit Manual should be used

4  where possible.  Each requested instruction shall be typed in

5  full on a separate page with citations to the authority upon

6  which it is based.  Proposed jury instructions taken from the

7  Ninth Circuit Manual need only contain a citation to that

8  source.  Any modifications made to proposed instructions taken

9  from a manual of model instructions must be clearly indicated.

10  In addition, all proposed jury instructions should conform to

11  the format of the Example Jury Instruction attached to this

12  Order.  Not less than eleven days prior to the pretrial

13  conference, the parties shall serve and file any objections to

14  separately proposed jury instructions.

15      Jury instructions that the Court has given in prior cases

16  may be downloaded from the Northern District website at

17  **http:\\www.cand.uscourts.gov**.  (Instructions are located on

18  the "Judge Information" page for Magistrate Judge Zimmerman).

19  The Court will generally give the same instructions in cases

20  involving similar claims unless a party establishes, with

21  supporting authorities, that the instruction is no longer

22  correct or that a different instruction should be given.  CACI

23  instructions generally will be given instead of BAJI

24  instructions.

25      A copy of all pretrial submissions, except for exhibits,

26  shall be e-mailed in WordPerfect or Word format to the

27  following address: bzpo@cand.uscourts.gov

28      At the time of filing the original with the Clerk's

1  Office, two copies of all documents (but only one copy of the

2  exhibits) shall be delivered directly to Chambers (Room 15-

3  6688).  Chambers' copies of all pretrial documents shall be

4  three-hole punched at the side, suitable for insertion into

5  standard, three-ring binders.

6  Dated: November 24, 2009

7                                      Bernard Zimmerman
                            United States Magistrate Judge

8  G:\BZALL\-BZCASES\CORBIS v. TIVOLI\PRETRIAL SCHEDULING ORDER.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXAMPLE PROPOSED JURY INSTRUCTION**
**For Chambers of Magistrate Judge Zimmerman**

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

_____'s Proposed Instruction No. \_\_\_\_\_.
(Party)

[Title]

[Text]

[Authority]

_____ GIVEN     _____ REFUSED     _____ GIVEN AS MODIFIED

## ATTACHMENT 1

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A)   Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B)   Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A)   Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B)   Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C)   Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D)   Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

made to resolve disputes over anticipated testimony, exhibits and witnesses.

         (A)   Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

         (B)   Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

         (C)   Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

         (D)   Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

    (4) **Trial Alternatives and Options.**

         (A)   Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

      (B)   Amendments, Dismissals. A
             statement of requested or
             proposed amendments to
             pleadings or dismissals of
             parties, claims or defenses.

      (C)   Bifurcation, Separate Trial of
             Issues. A statement of whether
             bifurcation or a separate
             trial of specific issues is
             feasible and desired.

   (5) **Miscellaneous.**

     Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

**USDC**
Case No. CV08-04196 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV08-04196 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____